This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                   NO. A-1-CA-36711

**JACKIE PINO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Maris Veidemanis, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Douglas Wilber, Assistant Public Defender
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}** The State appeals from the district court's order, filed August 9, 2017, sanctioning the Bernalillo County District Attorney's Office (D.A.'s Office) and ordering it to pay $250 for its failure to provide discovery to defense counsel. This Court issued a notice of proposed disposition in which we proposed to affirm. The State filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In our notice of proposed disposition, we proposed to conclude that the State had not demonstrated that the district court abused its discretion by imposing the monetary sanction against the D.A.'s Office for its failure to provide discovery to Defendant at the time that he was arraigned. [CN 5] *See* LR2-308(D)(1) NMRA (2016, amended 2018) ("The state shall disclose or make available to the defendant all information described in Rule 5-501(A)(1)-(6) NMRA at the arraignment[.] In addition to the disclosures required in Rule 5-501(A) NMRA, at the same time the state shall provide . . . copies of documentary evidence, and audio, video, and audio-video recordings made by law enforcement officers or otherwise in possession of the state[.]"). We also stated that, based on the facts in this case and the plain language of LR2-308(I)(1) requiring sanctions for violations of the Rule, we were not persuaded by the State's contention that a monetary sanction against it was an improper remedy under LR2-308 when an extension of deadlines for pretrial

interviews and pretrial motions both prevents any potential prejudice and achieves the desired result of the discovery process. [CN 5] *See* LR2-308(I)(1) ("If a party fails to comply with any provision of this rule or the time limits imposed by a scheduling order entered under this rule, the court *shall* impose sanctions as the court may deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply." (emphasis added.)).

**{3}** In its memorandum in opposition, the State maintains that the trial court abused its discretion in finding that there was a discovery violation. [MIO 1-4] Additionally, the State asserts that there is nothing in the record to indicate that the district court considered a lesser sanction. [MIO 3-4]

**{4}** We acknowledge that the State provided discovery to defense counsel on October 14, 2016, including access to a secure internet link containing lapel videos, prior to indictment when the parties were attempting a pre-indictment plea. [CN 2-3; RP 47, 54-55] As discussed in the notice of proposed disposition, plea negotiations failed; at some point, the lapel videos were inadvertently deleted from the secure website; Defendant was indicted for the crime of felony driving while under the influence of intoxicating liquor; on March 27, 2017, Defendant was arraigned; and the lapel videos were not provided to defense counsel at the time of arraignment. [CN 3] We note that almost four months after Defendant was arraigned, on July 19, 2017, the

3

State was able to locate a downloaded copy of the videos and disclosed them to Defendant. [CN 4] Nevertheless, it is undisputed that the State failed to comply with LR2-308(D)(1); pursuant to LR2-308(I)(1), the district court was required to sanction the State for failing to comply with the Rule; and pursuant to LR2-308(I)(3), a monetary sanction was a permissible sanction. In light of the foregoing, we conclude that the State has not demonstrated that the district court erred in imposing the monetary sanction in this case. *See State v. Harper*, 2010-NMCA-055, ¶ 11, 148 N.M. 286, 235 P.3d 625 ("We will not disturb a district court's order imposing sanctions absent an abuse of discretion."), *reversed on other grounds by* 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25; *see Harper*, 2010-NMCA-055, ¶ 11 (stating that "[a]s the [a]ppellant, it is the State's burden to establish an abuse of discretion").

{5}     We note that the State asserts that the record does not indicate that the district court considered a lesser sanction, and the State asserts that the monetary sanction in this case accomplishes neither compliance nor deterrence. [MIO 3-4] "As a reviewing court, we cannot attempt to precisely delineate how trial courts are to exercise their discretionary authority in the varied cases over which they must preside. . . . Similarly, we cannot second-guess our courts' determinations as to how their discretionary authority is best exercised." *State v. Le Mier*, 2017-NMSC-017, ¶ 17, 394 P.3d 959; *id.* ¶ 27 ("[T]he district court was not obligated to consider every conceivable lesser

sanction before imposing witness exclusion. To require this would be to significantly impinge upon and curtail the court's broad discretionary authority to fashion appropriate sanctions for discovery violations. . . . Rather, the court was only required to fashion the least severe sanction that best fit the situation and which accomplished the desired result." (emphasis omitted)). Based on the information before this Court, we cannot find an abuse of discretion in the district court's decision to sanction the State with a $250 fine for its failure to comply with LR2-308(D). *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)).

**{6}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

5

_____

**J. MILES HANISEE, Judge**


_____

**DANIEL J. GALLEGOS, Judge**